FILED

JUN 28 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Rodolfo Moreno
Fed. Reg. No. 28008-198
FCI-Phoenix
37910 N. 45th Avenue
Phoenix, Arizona 85086-7055

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CASE NUMBER 1:05CV01282

JUDGE: Ricardo M. Urbina

DECK TYPE: Pro se General Civil

DATE STAMP: 06/28/2005

RODOLFO MORENO,
           Petitioner,
VS.-
IMMIGRATION AND CUSTOMS ENFORCEMENT,
           Respondent.

Case No. _____

PETITION FOR A WRIT OF MANDAMUS, PURSUANT TO 28 U.S.C. §§ 1361, 1651 AND 5 U.S.C. §§ 701-706

The Petitioner, Rodolfo Moreno, in pro se, hereby respectfully petitions this Honorable Court to issue a writ of mandamus directing the Immigration and Customs Enforcement (ICE) or its predecessor Immigration and Naturalization Service (INS) to dispose and/or to remove a detainer and/or deportation order lodged against him. Said detainer/order is adversely affecting Petitioner's conditions of confinement.

Mandamus may be issued when petitioner shows there is no other means available to obtain desired relief and that his right to issuance of the writ is clear and undisputable. See Mallard v. U.S. District Court for Southern District of Iowa, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989); Lifestar Ambulance Service, Inc. v. United States, 365 F.3d 1293, 1298 (11th Cir. 2004); In re Glass Workers Local No. 173, 983 F.2d 725 (6th Cir. 1993).

///

RECEIVED

JUN 10 2005

-1-

"[R]emedy of mandamus is a drastic one, to be invoked only in extraordinary situations." **Allied Chemicals Corp. v. Daiflon, Inc., 449 U.S. 34, 101 S.Ct. 188, 66 L.Ed.2d 193, 196 (1980); Vizcaino v. U.S. District Court for Western Disrict of Washington, 173 F.3d 720, 721 (9th Cir. 1999).**

In the instant case, Petitioner Moreno meets the constitutional requirements and stands under the Mandamus Act because ICE has repeatedly failed and/or refused to take an action. Such failure or refusal has adversely affected Petitioner's conditions of confinement.

Although an indictment has not been filed in the instant case, a detainer and/or deportation order has been lodged against Petitioner. Thus, Petitioner believes he satisfies the constitutional requirements of injury and establishes that a statutorily duty is owed to him. "When the right alleged steams from a statute, a duty is owed to the plaintiff for the purpose of the Mandamus Act [for he] falls within the zone of interest of the underlying statute." **Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992)(internal quotation and citations omitted).**

In the case at bar, ICE's failure and/or refusal creates excessive interference with Petitioner's rehabilitation in the prison system. 1/ See **United States v. Ford, 550 F.2d 732, 742 (2d Cir. 1977); aff'd sub nom. United States v. Mauro, 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed. 2d 329 (1978).**

---

1/ "The basic purpose of the Interestate Agreement on Detainers Act ... include preventing detainers from interfering with a prisoner's rehabilitation." **21 Am. Jur. 2d § 545 (citing Murray v. District of Columnbia, 826 F.Supp. 4 (D.C. 1993);** appeal dismissed, 1993 WL 483949 (D.C. Cir. 1993); **United States v. Black, 609 F.2d 1330, 1334 (9th Cir. 1979), cert. denied, 449 U.S. 847, 101 S.Ct. 132, 66 L.Ed.2d 56 (1980) (other citations omitted).**

Petitioner Moreno contends that ICE's failure and/or refusal not only violates the statute, but it also raises constitutional propositions because Petitioner is being deprived of his right to the Equal Protection Clause. ICE's inaction and the Bureau of Prisons (BOP) denial of Petitioner's right to be assigned to prison industries (UNICOR) amounts to more than a statutory violation which clearly raises to the level of constitutinally guaranteed rights. Therefore, Petitioners asserts that he has suffered evident prejudice and discrimination during his incarceration due to ICE inaction. Thus, Petitioner contends that violation of the statute and the constitution is cognizable under the Mandamus Act.

The principle of equal protection does not require government to treat everyone alike in all circumstances; but it forbids discrimination or classification that is unjustified or "invidious." **Ferguson v. Skrupa**, 372 U.S. 726, 732, 83 S.Ct. 1028, 10 L.Ed.2d 93 (1963).

In the instant case, "the unregulated use of detainers, ... gave raise to serious problems, including the denial of full participation in rehabilitatin programs [as well as denial] of the right to speedy trial" and denial of the Equal Protection Clause. **21 Am. Jur. § 544** (citing **Carchman v. Nash**, 473 U.S. 716, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985). Therefore, Petitioner Moreno meets the statutory and constitutional requirements for standing under (1) the Interstate Agreement on Detainers Act, (2) the Speedy Trial Act, (3) the Administative Procedure Act, and (4) the Mandamus Act. These Acts are "ordinary element[s] of administrative enforcement schemes." **Legal Aid Society of Alameda County v. Brennan, et al**, 608 F.2d 1319, 1331 (9th Cir. 1979), cert. denied, 447 U.S. 921, 100 S.Ct. 3010, 65 L.Ed. 2d 1112 (1980).

In sum, Petitioner Moreno alleges an injury which has in fact created adverse conditions of confinement for he is denied (1) a prison job assignment in prison industries (UNICOR), (2) participation in certain educational programs while incarcerated, and (3) transfer to an institution located near the redidence of his immediate family. The alleged injury could be fairly traceable to the ICE's failure and/or refusal to take an action in disposing and/or removing the detainer/order lodged against him. "The doctrine of standing addresses the question whether 'a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy.'" **Dream Place v. County of Maricopa**, 348 F.3d 990, 999 (9th Cir. 2004)(internal quotation Sierra Club v. Morton, 405 U.S. 727, 731, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972).

## JURISDICTION

The Mandamus Act vests district courts with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." **28 U.S.C. § 1361.** Therefore, this Court has jurisdiction to entertain this petition pursuant to Title 28 Sections 1361 and 1651.

## COMPLAINT

Petitioner Moreno complains that ICE's inaction has affected his conditions of confinement for prison officials have classified him as ineligible to work in UNICOR based on a detainer/deportation order lodged against him.

## FACTS

On December 8, 1994, the United States District Court for the District of Arizona sentenced Petitioner to 235 (two hundred and

-4-

thirty five) month term of imprisonment, five (5) years supervised release, $3,500 (three thousand and five hundred dollars) fine, and $50 (fifty dollars) court assessment fine. The Bureau of Prisons initially designated Petitioner to FCI-Pekin, Illinois from where he was later transferred to FCI-Oxford, Wisconsin.

On October 1998, the BOP transferred Petitioner to FCI-Phoenix, Arizona. On February 11, 1999, an immigration agent interviewed Petitioner; during this interview, he refused to sign a Notice of Intent/Decision to Reinstate Prior Order **(See Copy of Notice Attached Hereto as EXhibit 1).** Petitioner instead provided the Immigration agent with an affidavit, stating that he is a U.S. citizen and that he had claimed Mexican citizenship in the past to avoid criminal prosecution in America, Petitioner also expressed his regreats and remorse for having done such a mistake. The agent promised to Petitioner to provide him with a copy of said affidavit; as of this date, Petitioner has not received the promised copy.

On or about July 1999, the BOP transferred Petitioner to FCI-Sheridan, Oregon. Shortly after his arrival to this institution, prison officials notified Petitioner that INS had lodged a detainer/deportation order against him; he was then not concerned about said detainer/order because it was not affecting conditions of his confinement. In fact, approximately a year after his arrival to FCI-Sheridan, he was assigned to work in UNICOR.

On September 2001, Petitioner was transferred to FCI-Taft, California whre prison officials treated him as a deportable alien and refused to place his name on the UNICOR waiting list, although he had prior UNICOR and should have been placed on the UNICOR priority waiting list.

-5-

On February 2002, Petitioner was redesignated to FCI-Sheridan, Oregon. On April 8, 2002, he served (via certified mail) INS at Portland, Oregon with a Demand for Speedy Trial And/Or Disposition of Detainer by a Federal Prisoner in which he stated again his place of birth **(See Copy of Demand for Speedy Trial And/Or Disposition of Detainer Attached Hereto as Exhibit 2)**.

On June 2002, prison officials at FCI-Sheridan, assigned Petitioner again to work in UNICOR. Then he resumed payments of 50% (fifty percent) of his earnings to the court-imposed fine. He completed this financial responsibility on May 2004.

On August 2004, Petitioner requested for a transfer to FCI-Tucson, Arizona in order to participate in the Water Waste Treatment Course which is offered in this institution by Pima Community College and to be closer to his immediate family (children and grandchildren). Because of the detainer/deportation order at issue, prison officials at FCI-Sheridan refused to consider his request and advised him to have said detainer/order removed to be reevaluated in the future.

On October 19, 2004, Petitioner sent (via certified mail) a notice/request letter to ICE at Portland, Oregon, in which, for an additional time, he informed this law enforcement agency that the detainer/order lodged against him was adversely affecting conditions of his confinement. He also requested to the agency to dispose and/or to remove its detainer/order against him **(See Copy of 10/10/04 Notice/ Letter Attached Hereto as EXhibit 3)**.

On November 16, 2004, Petitioner was assaulted by prison gang members; as a result, he was transferred to FCI-Phoenix, Arizona. Upon his arrival to this institution, he applied to resume his UNICOR job assignment. However, prison officials informed Petitioner that he

-6-

was ineligible to work in UNICOR due to his immigration status **(See Copy of Warden's 4/22/05 Memorandum to Moreno Attached Hereto as Exhibit 4).**

On April 7, 2005, Petitioner sent (via certified mail) another Notice/Request Letter to ICE at Phoenix, Arizona, requesting to have the detainer/order removed. He also notified it of his intention to file a writ of mandamus should it failed to respond within 30 (thirty) days **(See Copy of 4/7/05 Notice/Request Letter Attached Hereto as Exhibit 5).**

Assuming a lack of response from ICE Office at Phoenix, Petitioner on April 14, 2005, mailed out (via certified mail) another Notice/Request Letter to ICE at Washington, D.C., in which, for an additional time, he requested to have the detainer/order removed and notified it again of his intention to file a writ of mandamus should it failed to respond **(See Copy of 4/14/05 Notice/Request Letter Attached Hereto as Exhibit 6).**

As of this date, none of the above specified offices of ICE, or its predecessor INS, have responded nor taken any action to Petitioner's Demand for Speedy Trial and Notice/Request Letters.

On May 16, 2005, Petitioner submitted a Writ of Mandamus in this Court. Due to Petitioner's failure to submit a Motion to Proceed in Forma Pauperis along with the writ, the Court rejected it and returned it to Petitioner.

Days after Petitioner had submitted the writ, prison officials suggested him to request a copy of his birth certificate. On May 22, 2005, Petitioner did so **(See Copy of Request Letter to Texas Vital Statistics Attached Hereto as Exhibit 7).**

///

-7-

**U.S. Department of Justice**
**Immigration and Naturalization Service**

**Notice of Intent/Decision to Reinstate Prior Order**

BOPA 2F008-198

File No: A21 241 686
Date: February 11, 1999

Name: MUNGUIA-VALENZUELA, Marco Antonio AKA: Rodolfo MORENO

In accordance with section 241(a)(5) of the Immigration and Nationality Act (Act) and 8 CFR 241.8, you are hereby notified that the Attorney General intends to reinstate the order of ___deportation___ entered against you. This intent is based on
(Deportation / exclusion / removal)
the following determinations:

1. You are an alien subject to a prior order of (deportation) / exclusion / removal entered on _November 27, 1979_ at
(Date)
_El Paso, Texas_.
(Location)

2. You have been identified as an alien who:

   ☒ was removed on _November 27, 1979_ pursuant to an order (of deportation) / exclusion / removal.
   (Date)

   ☐ departed voluntarily on _____ pursuant to an order of deportation / exclusion / removal on or
   (Date)
   after the date on which such order took effect (i.e., who self-deported).

3. You illegally reentered the United States on or about _March 1, 1988_ at or near _El Paso, Texas_.
(Date)                        (Location)

In accordance with Section 241(a)(5) of the Act, you are removable as an alien who has illegally reentered the United States after having been previously removed or departed voluntarily while under an order of exclusion, deportation or removal and are therefore subject to removal by reinstatement of the prior order. You may contest this determination by making a written or oral statement to an immigration officer. You do not have a right to a hearing before an immigration judge.

*The facts that formed the basis of this determination, and the existence of a right to make a written or oral statement contesting this determination, were communicated to the alien in the* _English_ *language.*
Bernard D. Beamsley                                              _Bernard D. Beamsley_
_____                    _____
(Printed or typed name of official)                               (Signature of officer)

Special Agent
_____
(Title of officer)

**Acknowledgment and Response**

I ☐ do ☐ do not  wish to make a statement contesting this determination.  Refuse to sign — witness
_2-11-99_                                                          X _____
(Date)                                                                 (Signature of Alien)

**FILED**
JUN 28 2005

**Decision, Order, and Officer's Certification**

Having reviewed all available evidence, the administrative file and any statements made or submitted in rebuttal, I have determined that the above-named alien is subject to removal through reinstatement of the prior order, in accordance with section 241(a)(5) of the Act.

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_02-17-99_            _Phoenix, AZ_                     _____
(Date)                   (Location)                            (Signature of authorized deciding INS official)

_____                          Deputy ADDI
(Printed or typed name of official)                               (Title)

EXHIBIT 1                                                            05 1282

Form I-871 (Rev. 6-5-97)

## DEMAND FOR SPEEDY TRIAL
## AND/OR DISPOSITION OF DETAINER
## BY A FEDERAL PRISONER

TO:     U.S. Immigration and Naturalization Service
511 NW Broadway
Portland, Oregon 97209

FROM:
NAME:     Rodolfo Moreno

ADDRESS:     FCI-Sheridan
P.O. Box 5000
Sheridan, Oregon 97378-5000

DOB:     September 1, 1947

POB:     Mercedes, Texas

SS#:     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

For an additional time, prison authorities have informed me of an outstanding detainer issuing from your agency. (**See Copy Attached**). I am presently under the custody of the U.S. Attorney General, incarcerated at FCI-Sheridan, Oregon. I was sentenced in the United States District Court for the District of Arizona to a term of 235 (two hundered and thirty five) months.

In light of the fact that the outstanding detainer is adversely affecting conditions of my confinement and limiting participation in programs beneficial to the process of my rehabilitation and depriving me from their benefits, I am hereby respectfully requesting to you for speedy trial and disposition of your detainer on me.

Respectfully submitted this ____ day of April, 2002.

05 1282

_Rodolfo Moreno_ (signature)
Rodolfo Moreno

CERTIFIED MAIL NO: 7002 0510 0001 9970 9875

**FILED**

JUN 2 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

True copy of the foregoing has been mailed this ____ day of April, 2002, to: U.S. Attorney for the District of Oregon and U.S. District Court for the District of Oregon

EXHIBIT 2

It was mailed out 4/8/02

Rodolfo Moreno
Fed. Reg. No. 28008-198
FCI-Sheridan
P.O. Box 5000
Sheridan, Oregon 97378-5000

October 19, 2004

Immigration and Customs Enforcement
511 Northwest Broadway
Portland, Oregon 97209

Re:   Disposition and/or Removal of Detainer

Dear Sir/Maam:

On april 2002, I sent (via certified mail (#7002-0510-0001-9970-9875)) a Demand for Speedy Trail and/or Disposition of Detainer by a Federal Prisoner **(See Copy Attached)**. As for this date, your office has not taken any action regarding this matter.

As stated before, this detainer is adversely affecting conditions of my confinement. Recently I requested transfer to a federal correctional institution in Arizona, specifically FCI-Tucson, where my family resides. Because of this detainer, the unit team refused to consider my request for a transfer. Therefore, I am requesting to you to dispose and/or to remove your detainer on me.

Should you fail to respond to this request within thirty (30) days from this date, I will file a writ of mandamus and seek remedy in the respective court.

Sincerely,

Rodolfo Moreno


**CERTIFIED MAIL NO:**   7002 2410 0004 2379 7741

7002 2410 0004 2379 7741

cc: RM/File

05 1282

**FILED**

JUN 28 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Exhibit 3



**U.S. Department of Justice**

**Federal Bureau of Prisons**

---

Phoenix, Arizona 85086

April 22, 2005

MEMORANDUM FOR  MORENO, Rodolfo
Register Number 28008-198
Yuma Unit

FROM:           C. J. DeRosa, Warden

SUBJECT:        Removal from UNICOR

It appears you are challenging the decision that you are ineligible to work in Federal Prison Industries.

According to information contained in your file, you were issued a Notice of Intent/Decision to Reinstate Prior Order of Deportation, dated February 11, 1999. There is no information this notice was ever canceled or amended by the Immigration and Naturalization Service (INS) or its successor, Immigration and Customs Enforcement (ICE).

According to Bureau of Prisons Program Statement 8126.02, entitled Work Program for Inmates, FPI, inmates are not eligible to work in Federal Prison Industries (FPI) if they are "currently under an order of deportation." Additionally, you are currently designated in Sentry with IHP CMP WD, which means you will be deported upon the expiration of your sentence.

It appears you have been properly excluded from working in FPI, based on your current status as an alien with a pending order of deportation.

05 1282

**FILED**

JUN 2 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



EXHIBIT 4

Rodolfo Moreno
Fed. Reg. NO. 28008-198
FCI-Phoenix
37910 N. 45th Avenue
Phoenix, Arizona 85086

April 7, 2005

Immigration and Customs Enforcement
401 W. Washington Street
Phoenix, Arizona 85003

Re: <u>Additional Request for Disposition and/or Removal of Detainer</u>

Dear Sir/Maam:

I am for an additional time requesting to this agency to dispose and/or to remove a detainer erronously placed on me. Said detainer is adversely affecting conditions of confinement.

ON April 2002, I sent a Demand for Speedy Trial and/or Disposition of Detainer by a Federal Prisoner (See Attachment 1). On October 19, 2005, I mailed out a request/notice letter to Immigration and Customs Enforcement to dispose and/or to remove the detainer in question. As of this date, no action has been taken and it is affecting conditions of my confinement. For example, due to this detainer and deportation order on me, prison authorities don't allow me to work in UNICOR. Neither I am elegible to participate in certain educational programs, such as the water waste treatment offered at FCI-Tucson.

Should Immigration and Customs Enforcement fails to respond to this request within thirty (30) days from this date, I will file a writ of mandamus and seek remedy in the respective court.

Sincerely,

Rodolfo Moreno

<u>CERTIFIED MAIL NO:</u> 7001 1940 0000 7180 2453

cc: RM/File

05 1282

**FILED**

JUN 2 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT


Exhibit 5

Rodolfo Moreno
Fed. Reg. No. 28008-198
FCI-Phoenix
37910 N. 45th Avenue
Phoenix, Arizona 85085-7055

April 14, 2005

Immigration & Customs Enforcement
Chester Arthur Building
425 Eye Street, N.W.
Washington, D.C. 20536

        Re:    <u>Request for Disposition and/or Removan of Detainer
                 and/or Deportation Order</u>

Dear Sir/Maam:

      In light of the fact that lower offices have failed to respond to previous requests (See Attachments), I am now requesting to you to dispose and/or to remove a detainer and deportation order placed against me. Said detainer/order affects adversely my conditions of confinement. For example, due to this detainer/order, prison officials don't allow me to work for UNICOR. Neither I am elegible to participate in certain educational programs (e.g. water waste treatment which is offered in FCI-Tucson, Arizona) nor to be transferred to an institution closer to my immediate family.

      Should Immigration & Customs Enforcement fails to respond to this request within thirty (30) days from this date, I will file a writ of mandamus and seek remedy in court.

                                               Sincerely,

                                             *Rodolfo Moreno* (signature)

CERTIFIED MAIL NO:   7001 1940 0000 7178 6371

cc:   RM/File



Exhibit 6

05 1282

**FILED**

JUN 2 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Rodolfo Moreno
Fed. Reg. No. 28000-198
FCI-Phoenix
37910 N. 45th Avenue
Phoenix, Arizona 85086-7055

May 22, 2005

Texas Vital Statistics
Department of State Health Service
P.O. Box 12040
Austin, Texas 78711-2040

Re: <u>Birth Certificate</u>

Dear Sir/Maam:

Please, find enclosed a money order payable to Texas Vital Statistics for the fee amount ($22.00) of two birth certificate (regular and wallet size). For your information, I am stating the following data:

Name on Birth Certificate .. Rodolfo Moreno
Date of Birth .............. September 1, 1947
Place of Birth ............. Mercedes, Texas (Hidalgo County)
Father's Name .............. Jesus Moreno
Mother's Name .............. Ester Hernandez

As for a picture ID, I'm enclosing a photocopy of my prison ID card which reflects an incorrect date (9/7/47) of birth. The Arizona Department of Motor Vehicles issued my last driver's license (No. 322523361 which is also my SS#) early 1991, but it is no longer in my possession.

The reasons for my request are as follow: 1) I need to establish citizenship in order to get a job assignment in prison industries (UNICOR), 2) to correct the date of birth that prison records mistakingly reflect, and 3) to have the requested documents on my possession upon release from prison (projected release is 1/2011). To my best knowledge and belief, through my attorney (Steven Riggs from San Diego, California) I requested two birth certificate (regular and wallet size) in 1991 or early 1992; however, due to my incarceration I have no access to them.

Please, allow me to advise you that due to my status, I am not permitted to receive the requested documents. Therefore, I respectfully ask you to mail them out to the following name and address of a prison official:

C.R. Sanchez, Unit Manager
FCI-Phoenix
37900 N. 45th Avenue
Phoenix, Arizona 85027-7003

**FILED**
JUN 28 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

05 1282

EXHIBIT 7

Page 1 of 2

Also enclosed find a stamped self-addressed envelope, so you notify me when sending the requested documents to Ms. Sanchez.

Your consideration to this matter would be greatly appreciated.

I declare under penalty of perjury that all information stated above is true and correct.

Truly yours,

*Rodolfo Moreno*

Rodolfo Moreno

## NOTARY PUBLIC:

STATE OF ARIZONA ) 
                        ) ss:
COUNTY OF MARICOPA )

Sworn and subscribed before me this 25 day of May, 2005.

_____
Notary Public

My commission expires on: March 19, 2009

cc: Ms. Sanchez, Unit Manager

Page 2 of 2

EXHIBIT 7