Rodolfo Moreno
Fed. Reg. No. 28008-198
FCI-Phoenix
37910 N. 45th Avenue
Phoenix, Arizona 85086-7055

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RODOLFO MORENO, )
        Petitioner, )
)
                                 )    No. 1:05-cv-1282-RMU
VS.- )
                                 )    MOTION TO EXPEDITE PETITION FOR
)    WRIT OF MANDAMUS
IMMIGRATION AND CUSTOMS )
ENFORCEMENT, )
        Respondent. )

**NOW COMES** the Petitioner, Rodolfo Moreno, in pro se, and respectfully files this Motion to Expedite Action in the above-referenced matter. In support thereof, Petitioner states as follows:

1. The Petitioner filed for Administrative Remedy on June 16, 2005, requesting to be allowed to work in UNICOR, Federal Prison Industries (FPI).

2. The Administrative Remedy was filed in regard to the existing classification method prison officials apply to inmates at FCI-Phoenix, Arizona which violates the Equal Protection Clause and the

///
///
///
///

-1-

Due Process Clause.[1]/

3. On June 27, 2005, Petitioner's Administrative Remedy Request was denied and he was advised that "as long as [he] ha[ve] a valid order of deportation, [he is] not authorized to work in FPI." **(See Copy of Response to Administrative Remedy Attached Hereto as Exhibit "A").**

4. The Petitioner has been target for punishment and retaliation by BOP officials at FCI-Phoenix, Arizona because while he was making payments to the court-imposed fine ($3,550), he was allowed to work in UNICOR at FCI-Sheridan, Oregon (last job assignment during Petitioner's stay in the latter institution).[2]/

5. Petitioner has prior UNICOR, as such, he qualifies for longivity pay raises[3]/ and to be placed in accelerate status in terms

---

[1]/ The classification system in this institution has created an illegal suspect class of inmates who are subject to loss of privileges because prison officials treat some inmates differently than others, although they all are similarly situated. For example, in this institution aliens who upon deportation have reentered the United States and have been aborad temporarily are allowed to work in UNICOR, but aliens who have never made temporary departure from this country (because they have not completed their sentence) are not.

The distinction between these two groups of aliens lacks any basis rationally related to legitimate governmental interest, and as such, it deprives other inmates of the equal protection of the law. <u>It deprives Petitioner from this right solely because Immigration and Naturalization Service (INS) or its sucessor, Immigration and Customs Enforcement (ICE) lodged a **bogus** deportation order against him.</u>

[2]/ "If an inmate transferred from one institution to another for administrative (not disciplinary) reasons, and the unit team approves the inmates' return to FPI, the SOI shall place that inmate within the top ten percent of FPI waiting list." **CFR § 345.67(a)(5).**

[3]/ "[A]n inmate earns longivity pay raises after 18 months spent in FPI work status regardless of whether or not the work was continuous. The service may have occurred in one or more FPI factories or shops. ... Longivity pay allowances shall be added after the wages for each actual hour in pay status have been properly computed." **CFR § 345.55(a).**

-2-

of grade pay.⁴/ However, in order to earn UNICOR wages as well as to benifit from longivity pay, it is required to be first assigned to work in FPI, or UNICOR.

6. Petitioner is being denied his right to be assigned to a prison job that pays best within the BOP; as a result, he is being deprived to save money for his release (projected release date is schedule January 2011).⁵/ Such denial and deprivation inflicts anguish and emotional distress in Petitioner who will be 63+ years old of the time of his projected release.

**WHEREFORE,** Petitioner respectfully requests that this action be expedited and specifically requests:

(a) That Immigration and Customs Enforcement be summoned at respondendum at the Court's earliest convenience, and/or

(b) That Immigration and Customs Enforcement be required to file its response to Petitioner's Writ of Mandamus within twenty (20) days of the date of this motion, or in the alternative to cancel the deportation order lodged against Petitioner, so that he be able to begin his UNICOR job.

Respectfully submitted this 25th day of July, 2005.

_Rodolfo Moreno_
Rodolfo Moreno, in pro se

---

**4/** An inmate worker with prior UNICOR qualifies for promotion (pay wise) in a monthly basis. However, in the instant case, Petitioner has not even began working in UNICOR due to the deportatin order lodged against him.

**5/** "Inmate workers in FPI locatins receive pay at five levels ranging from 5th grade pay (lowest) to 1st grade pay (highest). **CFR § 345.51(a).**

///

A true copy of the foregoing
has been mailed this 25th day
of July, 2005, to:

Immigration and Customs Enforcement
Chester Arthur Building
425 Eye Street, N.W.
Washington, D.C. 20536

-4-

MORENO, Rodolfo           Reg. No. 28008-198           Remedy # 379831-F1

This is in response to your Request for Administrative Remedy, received on June 17, 2005, in which you allege you were wrongfully removed from UNICOR. Specifically, you claim the deportation order from the Immigration and Naturalization Service (INS) is invalid. Secondly, you claim you are being treated differently from other inmates who have entered this country illegally, but who have not been issued a deportation order. As relief, it appears you are requesting to be reinstated to a UNICOR position.

A review of this matter indicates that you were previously deported on November 27, 1979. You were notified that the deportation order was reinstated on February 11, 1999. In accordance with Program Statement 8120.02, entitled <u>Work Programs for Inmates in Federal Prison Industries (FPI)</u>, an inmate or detainee may be considered for assignment with FPI unless the inmate is a pretrial inmate or is currently under an order of deportation, exclusion, or removal."

It appears from the documentation you included with this administrative remedy that you are attempting to contact the Immigration and Customs Enforcement Agency (successor agency to INS) in an effort to have the order of deportation removed. Please be advised that as long as you have a valid order of deportation, you are not authorized to work in FPI. Additionally, in response to your equal protection argument, please be advised this institution is required to follow the mandatory language of program statements.

Accordingly, your Request for Administrative Remedy is denied.

If dissatisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, 7950 Dublin Blvd., 3rd Floor, Dublin, California 94568. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

6/27/05
DATE

for C. Higgs
C.J. DEROSA, WARDEN

EXHIBIT "A"