UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RODOLFO MORENO,           ) | |
|         Petitioner,    ) | |
| ) | |
| v.                        ) | Civil Action No. 05-1282 (RMU) |
| ) | |
| IMMIGRATION AND CUSTOMS    ) | |
| ENFORCEMENT, *et al.*,     ) | |
|         Respondents.   ) | |
| _____ ) | |

**UNITED STATES' MOTION TO TRANSFER PETITIONER'S
PETITION FOR A WRIT OF HABEAS CORPUS**

On June 28, 2005, Petitioner Rodolfo Moreno, *pro se*, filed a petition for a writ of mandamus in which he requested, *inter alia*, that this Court direct the United States Immigration and Customs Enforcement office to take certain action regarding a detainer and deportation order. In an order dated July 29, 2005, this Court directed the respondents to show cause why such a writ should not issue. In response to the Court's order, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves the Court to transfer Petitioner Rodolfo Moreno's *pro se* petition for a writ of habeas corpus to the United States District Court for the District of Arizona. In support of its motion, the United States advises the Court as follows:

**ARGUMENT**

In his petition for a writ of mandamus, Petitioner states that he currently is serving a 235-month sentence that was imposed by the United States District Court for the District of Arizona. *See* Petition at 4-5. Petitioner does not take issue with that sentence. Instead, Petitioner contests a "detainer and/or deportation order" filed by the Phoenix, Arizona District Office of United States Immigration and Customs Enforcement, and asks the Court to issue a writ of mandamus

requiring that agency to vacate the order. *See id.* at 1. In connection with that request, Petitioner asserts that the detainer and deportation order is adversely affecting his current conditions of confinement insofar as, *inter alia*, the Federal Bureau of Prisons has denied his requests to transfer to a different correctional facility, and has denied him placement in certain prison-based work and education programs. *See id.* at 4. This Court lacks jurisdiction to hear Petitioner's claims, and should grant the United States' motion to transfer the petition to the United States District Court for the District of Arizona.

      As a preliminary matter, this Court should construe Petitioner's pleading as a petition for a writ of habeas corpus instead of as a petition for a writ of mandamus. It is well established that "mandamus is a drastic remedy to be invoked only in extraordinary situations." *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 n.2 (D.C. Cir. 1988). It is also settled that where habeas is an "available and potentially efficacious remedy . . . , mandamus will not appropriately lie." *Id.* at 806 & n.2.

      Petitioner's petition falls comfortably within the broad scope of habeas corpus. "The essence of modern habeas corpus is to safeguard the individual against unlawful custody." *Id.* at 806. As the Supreme Court explained in *Braden v. 30th Judicial Circuit Court of Kentucky*, for purposes of habeas corpus it is "possible for prisoners in custody under one sentence to attack a sentence which they had not yet begun to serve." 410 U.S. 484, 498 (1973). Further, habeas corpus can "enable[] a petitioner held in one State to attack a detainer lodged against him by another State." *Id*; *see also id.* at 488-89 (noting that the Court's decision in *Peyton v. Rowe*, 391 U.S. 54 (1968) opened the door for petitioners to attack either present or future confinement via habeas corpus). Since Petitioner essentially attacks the immigration detainer and the future

custody it entails, habeas corpus offers an available and potentially efficacious remedy, and a writ of mandamus will not lie.[1]

This Court cannot reach the merits of Petitioner's petition because it lacks personal jurisdiction over the "person having custody of the person detained." 28 U.S.C. § 2243; *see also Chatman-Bey*, 864 F.2d at 810 (noting that "the law of this Circuit is clear that '[a] district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner'"). Generally, the warden of the facility where the habeas petitioner is incarcerated is the person who has custody of the petitioner, and thus is the proper respondent to a petition for a writ of habeas corpus. *See*, *e.g., Guerra v. Meese*, 786 F.2d 414, 416 (D.C. 1986). Petitioner is presently confined in the Federal Correctional Institution located in Phoenix, Arizona. However, since Petitioner, at least in part, attacks the future custody that may result from the immigration detainer issued by the United States Immigration and Customs Enforcement office, the proper respondent may be the Director of the Phoenix (AZ) District Office of that agency. *See Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003) (holding that "the INS District Director for the district where a detention facility is located" had custody over the petitioner, who was challenging a deportation order); *Henderson v. INS*, 157 F.3d 106, 122 (2d Cir. 1998) (agreeing that the INS District Director in New Orleans, Louisiana had custody over petitioners since that office lodged the detainer order at issue); *see also* Petition at 5 (indicating that the immigration detainer order was issued in 1999 by an immigration agent who met with Petitioner in Phoenix,

---

[1] As noted above, Petitioner also raises concerns about how the immigration detainer is affecting his current conditions of confinement. Those concerns, however, are collateral to the heart of Petitioner's petition – that the immigration detainer was issued in error, and should be removed. *See* Petition at 1.

Arizona).

In any event, this Court lacks personal jurisdiction over both of the two potential respondents to Petitioner's petition, as both the warden of Petitioner's current correctional institution and the director of the immigration office that issued the detainer are based in Phoenix, Arizona. Accordingly, this Court should grant the United States' motion to transfer Petitioner's petition to the U.S. District Court for the District of Arizona, after giving Petitioner notice of the proposed action and an opportunity to be heard on the issue. *See Chatman-Bey*, 864 F.2d at 814 (explaining that before transfer, a court should provide habeas petitioner "with both notice of the District Court's anticipated action and an opportunity to set forth reasons why the case can (and should) properly be heard in this jurisdiction").[2]

---

[2] It is also clear that the United States District Court for the District of Arizona, rather than this Court, is the proper venue for this case. Defendant is present in Arizona, as are all relevant witnesses who may have information regarding petitioner's current incarceration and the immigration detainer petitioner challenges. Thus, traditional principles of venue weigh heavily against permitting this case to proceed in the District of Columbia due to the inconvenience and expense that would result from transporting Petitioner, various witnesses, and various files from Arizona to the District of Columbia for court proceedings. *Cf. Braden*, 410 U.S. at 500; Fed. R. Crim. Proc. R. 18.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Petitioner's habeas petition should be transferred to the U.S. District Court for the District of Arizona, after giving Petitioner notice of the proposed transfer and an opportunity to respond. A proposed order is attached.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

ROBERT D. OKUN (D.C. Bar No. 457-078)
Chief, Special Proceedings Section


_____/s/_____
GEOFFREY CARTER (D.C. Bar No. 460 971)
Assistant United States Attorney
555 Fourth Street, N.W.
Special Proceedings Section, 10th Floor
Washington, D.C. 20530
(202) 305-1845

**CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that on this 12th day of August 2005, a copy of the foregoing motion and proposed order was served by first-class mail upon *pro se* petitioner at the following address:

Rodolfo Moreno - Fed. Reg. No. 28008-198
FCI Phoenix
Federal Correctional Institution
37910 N. 45th Ave.
Phoenix, AZ 85086

              /s/ Geoffrey Carter
             ASSISTANT UNITED STATES ATTORNEY