IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RODOLFO MORENO, ) | |
| Petitioner, ) | |
| ) | |
| VS.- ) | Civil Action No. 05-1282(RMU) |
| ) | |
| IMMIGRATION AND CUSTOMS ) | |
| ENFORCEMENT, ) | |
| Respondent. ) | |

**PETITIONER'S REPLY TO UNITED STATES' MOTION TO TRANSFER PETITIONER'S PETITON FOR A WRIT OF HABEAS CORPUS**[1]

On June 28, 2005, Petitioner filed a <u>pro se</u> petition for a writ of mandamus in which he requested this Honorable Court to issue a mandamus dircting Immigration and Customs Enforcement (ICE) to remove a deportation order lodged against him, so that the Federal Bureau of Prisons (BOP) officials assign him to work in Prison Industries (UNICOR).[2]

On July 29, 2005, the Court issued an Order directing the Respondent to show cause. On August 12, 2005, Respondent filed a motion and proposed order. In its motion the United States invites the Court to treat Petitioner's pleading as a writ of habeas corpus and to transfer this writ to the United States District Court for the District of Arizona.

---

[1] Although Respondent has captioned its motion as Motion to Transfer Petitioner's Petition for a Writ of Habeas Corpus, Respondent has essentially filed a response to Petitioner's Writ of Mandamus.

[2] Petitioner is an American citizen who in 1979 claimed Mexican citizenship to avoid criminal prosecution in the United States. Based on that deportation, in 1999 ICE reinstated the prior deportation order.

-1-

In support to its argument Respondent relys on case law in which the Petitioners were all complaining against unlawful custody, illegality of their confinement, unlawful restrains of their liberty, and/or the duration of their custody.3/

Therefore, Petitioner argues that the cases in support to Respondent position differ in fact and law from the instant case. Petitioner asserts that a removal of the deportation order at issue would not necessarily result in his immediate or speeder release, nor a reduction in his sentence, thus, he argues the issue here needs not to be brought in habeas corpus. Petitioner is not being detained or imprisoned contrary to fundamental law and "habeas gets at custody or detention of an individual." **Chapman-Bey v. Thornburgh**, 864 F.2d 804, 806 (D.C. Cir. 1988)(en banc).

Petitioner's claim concerning his exclusion to work in UNICOR, due to the deportation order at issue, is not the type of issue that warrants habeas proceedings nor the type of claim that warrants transfer to another district. In determing what constitutes a writ of habeas corpus, a court should take into consideration the interest of the writ and the reason or purpose of the same.

For the purpose of this case, ICE should be considered the proper respondent because this agency, not the BOP, 1) loged the deportation order at issue, and 2) it also controls said order. As such, ICE is the only agency that can remove the deportation order.

---

3/   For example, in **Chapman-Bey, supra, 864 F.2d 804,** the Court rejected the idea that a federal prisoner could use mandamus to contest federal prison authorities' miscomputation of his good time credits on the principle that habeas provision displaced more general remedies. That principal is inapplicable to the instant case because Petitioner does not contends or complains of unlawful custody, illegal confinement, unlawful restrains of his liberty, and or duration of his custody.

The institution's warden merely followed the mandatory language of the program statement. **(See Copy of BOP PS 8120.02 Attached Hereto as Exhibit "A").**

According to the language of BOP PS 8120.02, the detainer by itself would not exclude Petitioner from being assigned to UNICOR. It is the fact that in 1999 ICE reinstated the 1979 deportation order that has (in this institution)[4] excluded Petitioner from working in UNICOR. Therefore, ICE can keep the detainer[5] active and improvidently remove the deportation order, so that Petitioner's name be placed within the top ten percent of the UNICOR waiting List and shortly after start working. As long as a valid order of deportation is lodged against Petitioner, he is not authorized to work in Federal Prison Industries/UNICOR. **(See Copy of Response to Petitioner's Administrative Remedy Attached Hereto as Exhibit "B").**

### Mandamus v. Habeas Corpus

Petitioner argues that mandamus potentially lie in the instant case because the complain fell outside the reach of habeas corpus. The instant pleading was filed only for the purpose to have the deportation order removed, so that Petitioner can be able to work in UNICOR and begin saving money for his release day which is projected for Janaury 2011. **(See Copy of 8/20/04 Program Review (FCI-Sheridan, Oregon) Attached Hereto as Exhibit "C").**

As stated above, Petitioner is not challenging the legality of

---

[4] During his incarceration in FCI-Sheridan, Petitioner was assigned to work in UNICOR from 2000 to 2004. He had outstanding job performance and this job helped him to pay to court-imposed fine ($3,550). **(See Exhibit "C").**

[5] In his previous release from a federal penitentiary, Petitioner had an identical problem (INS detainer); at the end he prevailed because of his American citizenship.

-3-

his imprisonment or confinement but, instead, the terms and conditions of his exclusion from working in UNICOR, which steamed out of the deportation order ICE lodged against Petitioner in 1999. Thus, Petitioner argues that the appropriate remedy "would be a judicially mandated change in conditions" and not habeas relief from confinement. **Crawford v. Bell**, 599 F.2d 890, 892 (9th Cir. 1979).

In **Soler v. Scott**, 942 F.2d 597, 604-05 (9th Cir. 1991), the Circuit Court held that "[P]etitioner who alleges cause of action under the Mandamus Act need not rely upon implied or private right of action under any other statute."

The authority granted in Section 1651(a) apprehends instances where future review may be jeopardized, empowering a federal court to issue a writ of mandamus to protect future jurisdiction.[6/]

In contrast, habeas corpus is generally reserved for those situations where other relief, unlike in the instant case, is not practically available. See **Fletcher v. District Court of Columbia**, 370 F.3d 1223, 1226-27 (D.C. Cir. 2004)(other citations omitted). Petitioner in the case at bar is not being detained nor imprisoned contrary to any fundamental law; therefore, the Court should not find transfer warranted and entertain this non-habeas action.

In the instant case, habeas corpus would be futile. Petitioner may not prevail because a court in habeas may have no power to issue prospective relief since the current physical custodian, or any BOP official, lodged not the deportation order at issue.

///

---

**6/**   "Congress has statutorily conferred jurisdiction on the Federal District Courts of actions in nature of mandamus to compel an officer or employees of the United States or any agency thereof to perform a duty owed to the plaintiff." **52 Am. Jur. 2d § 10.**

## CONCLUSION

Based on the foregoing reasons, Petitioner respectfully requests the Court to deny Respondent's motion and to issue its Order in the nature of mandamus, causing the Immigration and Customs Enforcement to remove the deportation order at issue, so that BOP officials assign Petitioner to work in UNICOR.

Respectfully submitted this 26th day of August, 2005.

*Rodolfo Moreno*

Rodolfo Moreno, in pro se
Fed. Reg. No. 28008-198
FCI-Phoenix
37910 N. 45th Avenue
Phoenix, Arizona 85086-7055


A true copy of the foregoing
has been mailed this 26th day
of August, 2005, to:

Geoffrey Carter
Assistant United States Attorney
555 Fourth Street, N.W.
Special Proceedings Section, 10th Floor
Washington, D.C. 20530