UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ROLDOFO MORENO, | : | | |
| | : | | |
| Petitioner, | : | Civil Action No.: | 05-1282 (RMU) |
| | : | | |
| v. | : | Document No.: | 9 |
| | : | | |
| IMMIGRATION AND CUSTOMS ENFORCEMENT, | : | | |
| | : | | |
| Respondent. | : | | |

## MEMORANDUM ORDER

### GRANTING THE RESPONDENT'S MOTION TO TRANSFER

### I.  INTRODUCTION

The petitioner, an inmate at the Federal Correctional Institution in Phoenix, Arizona ("FCI-Phoenix"), appearing *pro se*, seeks a writ of mandamus directing respondent Immigration and Customs Enforcement ("ICE") to remove a detainer that it has lodged against him. The respondent has filed a motion to transfer the case to the United States District Court for the District of Arizona. Because the District of Columbia ("D.C.") has no connection to this case, the court grants the respondent's motion and transfers the case.

### II.  BACKGROUND

On December 8, 1994, in the United States District Court for the District of Arizona, the petitioner was sentenced to 235 months imprisonment and five years of supervised release. Compl. at 4-5. In October 1998, the Bureau of Prisons ("BOP") transferred the petitioner to FCI-Phoenix. *Id.* at 5. The petitioner was interviewed by an ICE agent on February 11, 1999 and provided notice that he was subject to deportation. *Id.* at Ex. 1. In July 1999, the petitioner was

transferred to FCI-Sheridan, Oregon, and notified by BOP that the respondent had lodged a detainer against him. *Id.* at 5. Upon the petitioner's next transfer, to FCI-Taft, California, he was denied work in the UNICOR program because he was a deportable alien. *Id.*

In February 2002, the petitioner was redesignated to FCI-Sheridan. *Id.* at 6. While imprisoned there, the petitioner contacted the respondent's office in Portland, Oregon and demanded a disposition of the detainer. *Id.* The petitioner requested a transfer to FCI-Tucson in August, 2004, but his request was denied by BOP officials because of the detainer. *Id.* The petitioner again requested that the respondent remove or act on his detainer because it was adversely affecting his conditions of confinement. *Id.*

On November 16, 2004, the petitioner was transferred to FCI-Phoenix and again denied participation in the UNICOR program due to his immigration status. *Id.* at 6-7. In April, 2005, the petitioner sent letters to the respondent's offices in Phoenix, Arizona and Washington, D.C. requesting that the detainer be removed. *Id.* at 7. As of the date of the filing of the complaint, the respondent has not responded to the petitioner's letters or taken action on the detainer. *Id.*

### III.     ANALYSIS

The respondent moves to transfer the case to the Federal District Court for the District of Arizona, the district of the petitioner's incarceration, on the ground that the petition for writ of mandamus should be construed as one for habeas relief. Habeas corpus is the exclusive remedy for a federal prisoner bringing a claim that would have a "probabilistic impact" upon the duration of his custody. *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809 (D.C. Cir. 1988) (en banc); *see also Bourke v. Hawk-Sawyer*, 269 F.3d 1072, 1073 (D.C. Cir. 2001). Habeas corpus jurisdiction

resides in the district court where the prisoner is incarcerated at the time the petition is filed. *Padilla v. Rumsfeld*, 124 S.Ct. 2711, 2718 (2004); *Chatman-Bey*, 864 F.2d at 806 n.1.  The warden where the petitioner resides is the custodian for purposes of habeas jurisdiction.  *Stokes v. U.S. Parole Com'n*, 374 F.3d 1235, 1238 (D.C. Cir. 2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998).

    The respondent asks the court to construe this action as a petition for a writ of habeas corpus.  Resp.'s Mot. at 3.  As such, the respondent asserts, the court lacks personal jurisdiction because a habeas action is only properly brought in the jurisdiction in which the petitioner is detained.  *Id.*  The court declines to construe this action as one for habeas corpus, however, because the petitioner has not named the warden of FCI-Phoenix as a respondent.  Indeed, when a petitioner who is not in the custody of immigration officials challenges an immigration detainer, his cause of action should not be construed as one for habeas corpus relief.  *Zolicoffer v. U.S. Dep't of Justice*, 315 F.3d 538, 540 (5th Cir. 2003); *Campos v. I.N.S.*, 62 F.3d 311, 314 (9th Cir. 1995); *Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir. 1990), *cert. denied*, 498 U.S. 1092 (1991); *Mohammed v. Sullivan*, 866 F.2d 258, 260 (8th Cir. 1989).  Since the petitioner is not currently in the custody of the respondent, therefore, the court will not construe his mandamus action as a petition for a writ of habeas corpus.  The respondent's motion to transfer on this basis, therefore, is denied.

    The respondent alternatively moves to transfer venue because the proper venue for this action is the District of Arizona.  Resp.'s Mot. at 4 n.2.  Under Title 28 U.S.C. § 1404(a), a court

may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice."[1]

To succeed on a motion to transfer under 28 U.S.C. § 1404(a), the defendant must make two showings to justify transfer. First, the defendant must establish that the plaintiff originally could have brought the action in the proposed transferee district. *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). Second, the defendant must demonstrate that considerations of convenience and the interest of justice weigh in favor of transfer to that district. *Trout Unlimited v. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996). In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F. Supp. 461, 463 (D.D.C. 1978). Even though a court should typically give deference to a party's forum choice, it need give substantially less deference when the forum preferred by the petitioner is not his home forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Boers v. United States*, 133 F. Supp. 2d 64, 65 (D.D.C. 2001). Moreover, "there is certainly no reason why all cases involving the construction or constitutionality of a federal statute should be litigated in the District of Columbia." *Starnes v. McGuire*, 512 F.2d 918, 925 n.7 (D.C. Cir. 1974) (en banc).

---

[1] Although the respondent's request is not explicitly styled as a motion for transfer pursuant to 28 U.S.C. § 1404(a), the factors the respondent presents in support of the transfer request are consistent with the considerations of this code section.

The petitioner is challenging the actions of ICE officials. In addition, he is incarcerated in the District of Arizona, and the relevant records as well as the witnesses necessary to testify about them would likely be in his place of incarceration. The case does not involve an issue of national policy which would require the testimony of high-level agency officials in Washington, D.C. *See Starnes*, 512 F.2d at 932-33. Indeed, the fact that District of Columbia has no apparent connection to this case aside from being the capital of the United States supports transfer of the case. *See Boers*, 133 F. Supp. 2d at 66. For these reasons, the proper venue for this action is the District of Arizona. The court, therefore, grants the respondent's motion to transfer the case to the United States District Court for the District of Arizona.

## IV.   CONCLUSION

For the foregoing reasons, it is this 16th day of December 2005,

**ORDERED** that the respondent's motion to transfer is hereby **GRANTED**. It is

**FURTHER ORDERED** that this case is hereby transferred to the United States District Court for the District of Arizona.

**SO ORDERED**.

      RICARDO M. URBINA
      United States District Judge